IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **CARL ANDERSON (01)**, <br><br> Defendant. | Case No. 19-20081-01-DDC |

### MEMORANDUM AND ORDER

Defendant Carl Anderson has filed a pro se[1] Motion to Reduce his sentence under Amendment 821 of the United States Sentencing Guidelines. Doc. 94. Mr. Anderson also asks that the court appoint him counsel. *Id.* The government filed a Response. Doc. 98. The court lacks jurisdiction and dismisses Mr. Anderson's Motion to Reduce for the following reasons. It also denies his request to appoint counsel.

### I. Background

On February 18, 2022, Mr. Anderson entered a guilty plea (Doc. 67) to distribution of 50 grams or more of methamphetamine, violating 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii). On May 25, 2022, a federal probation officer prepared a Presentence Investigation Report (PSR). Doc. 74. Based on the quantity of drugs, 278.37 grams of methamphetamine mixture, the PSR determined that Mr. Anderson had a base offense level of 32. *Id.* at 6 (PSR ¶ 18). The PSR

---

[1] Because plaintiff proceeds pro se, the court construes his filings liberally. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."). But, plaintiff's pro se status does not excuse him from complying with the court's rules or facing the consequences of noncompliance. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

added two points because Mr. Anderson maintained a premises for the purpose of manufacturing or distributing a controlled substance. *Id.* (PSR ¶ 19). The PSR deducted three points because Mr. Anderson accepted responsibility and timely notified authorities of his intent to enter a plea. *Id.* at 6–7 (PSR ¶¶ 25–26). Based on the 2021 Guidelines Manual, Mr. Anderson had a total offense level of 31. *Id.* at 7 (PSR ¶ 27).

Mr. Anderson's criminal history produced six criminal history points, establishing a criminal history category of III. *Id.* at 11 (PSR ¶¶ 41–43). The relevant statutes, 21 U.S.C. §§ 841(a)(1) and(b)(1)(A), require a minimum imprisonment of 10 years if a defendant is found guilty of distributing 50 grams or more of methamphetamine. "Based upon a total offense level of 31 and a criminal history category of III, the guideline imprisonment range [was] 135 months to 168 months." *Id.* at 14 (PSR ¶ 63). The parties' plea agreement recommended a sentence below the advisory guideline range: 108 to 120 months and five years of supervised release. Doc. 81 at 1 (Addendum to Plea Agreement). On August 11, 2022, the court sentenced Mr. Anderson to imprisonment for 112 months and five years of supervised release. Doc. 83 at 2–3.

Mr. Anderson asserts that Amendment 821 to the United States Sentencing Guidelines applies to his August 2022 sentence. Doc. 94. The court addresses Mr. Anderson's motion, but first, recites the governing legal standard.

**II.     Legal Standard**

"Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [defendant's] request." *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997). Section 3582(c) of Title 18 of the United States Code grants the court the authority to modify a sentence in just three scenarios:

>    (1)  on motion of the Director of the Bureau of Prisons if special circumstances exist;

2

>  (2) if otherwise expressly permitted by statute or Federal Rule of Criminal Procedure 35; or
>
>  (3) if the sentencing range is subsequently lowered by the Sentencing Commission.

*United States v. Sharkey*, 543 F.3d 1236, 1239 (10th Cir. 2008). Mr. Anderson asks the court to modify his sentence based on the third circumstance—a subsequent change in the sentencing range. Doc. 94.

Amendment 821 to the Sentencing Guidelines made two major changes. Part A limits the effect of status points on the criminal history calculation. U.S. Sent'g Guidelines Manual § 4A1.1 (U.S. Sent'g Comm'n 2023). Part B establishes a new section that benefits so-called zero-point offenders. U.S. Sent'g Guidelines Manual § 4C1.1 (U.S. Sent'g Comm'n 2023). Mr. Anderson doesn't specify which part purportedly supports his motion. The court addresses both, below.

## I. Analysis

Effective November 1, 2023, Part A of Amendment 821 limits the effect of criminal history points, or "status points." U.S. Sent'g Guidelines Manual § 4A1.1(e) (U.S. Sent'g Comm'n 2023). The amendment replaced § 4A1.1(d), which had required a two-point increase for offenses committed while defendant served a criminal justice sentence, with a modified § 4A1.1(e), which requires a one-point increase if defendant received seven or more points in previous subsections and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.*

Here, Mr. Anderson received four criminal history points. The PSR added two additional points because Mr. Anderson committed the instant offense while under a criminal justice sentence, bringing Mr. Anderson's total criminal history points to six. Under Amendment 821,

Mr. Anderson would receive no points for committing the offense while under a criminal justice sentence, resulting in a total criminal history of four. But this new score doesn't change Mr. Anderson's sentencing range. A criminal history score of four or six both place Mr. Anderson in criminal history category III. In short, Amendment 821 to § 4A1.1 doesn't apply to Mr. Anderson.

Part B of Amendment 821, also effective November 1, 2023, reduces a defendant's offense level by two if the defendant has zero criminal history points. This reduction has several exceptions. In any event, Part B doesn't apply to Mr. Anderson's sentence because he has a criminal history score of four, so he's not a zero-point offender. Doc. 74 at 11 (PSR ¶ 41).

Because Mr. Anderson's sentencing range remains unchanged, his request doesn't fall under 18 U.S.C. § 3582(c)(2). The court thus lacks jurisdiction and must dismiss Mr. Anderson's motion (Doc. 94). *See United States v. Whittaker*, 777 F. App'x 938, 940 (10th Cir. 2019) (remanding for district court to dismiss motion to reduce sentence for lack of jurisdiction because defendant didn't qualify for a reduction under § 3582(c) (first citing *United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion."); then citing *United States v. Graham*, 704 F.3d 1275, 1279 (10th Cir. 2013) (concluding "dismissal rather than denial is the appropriate disposition" when sentence reduction is not authorized by § 3582(c)(2)))); *see also United States v. Linthicum*, No. 16-10024, 2024 WL 1579785, at *1 (D. Kan. Apr. 11, 2024) (dismissing Amendment 821 motion to reduce sentence when defendant's criminal history points decreased but his criminal history category remained unchanged).

Mr. Anderson's motion also asks that the court appoint counsel. "There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]" *Coronado v.*

4

*Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008).  To assist eligible defendants with seeking relief under Amendment 821, our court has appointed the office of the Federal Public Defender.  *See* D. Kan. S.O. 23-03.  The court has forwarded Mr. Anderson's motion to the FPD, Doc. 95, and the FPD declined to enter an appearance.  Doc. 97.  The court thus denies Mr. Anderson's request for counsel.

### II.   Conclusion

The court is without jurisdiction to consider Mr. Anderson's current motion.  Thus, the court dismisses Mr. Anderson's motion for lack of jurisdiction.  And it denies Mr. Anderson's request for counsel.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Anderson's Motion to Reduce Sentence (Doc. 94) is dismissed without prejudice.

**IT IS FURTHER ORDERED THAT** Mr. Anderson's request to appoint counsel is denied.

**IT IS SO ORDERED.**

**Dated this 15th day of July, 2024, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
