IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CARL ANDERSON (01),<br><br>　　　　Defendant. | Case No. 19-20081-01-DDC |

### MEMORANDUM AND ORDER

Defendant Carl Anderson, movant here, pleaded guilty to distributing a controlled substance under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Doc. 67 (Plea Agreement). The court sentenced him to 112 months custody, Doc. 83 at 2, and Mr. Anderson currently is serving his sentence. Since the sentencing, Mr. Anderson has filed various motions. For instance, just 19 days after his sentencing, Mr. Anderson sought a downward departure based on his "conditions of confinement." Doc. 85. The court denied relief. Doc. 91. Earlier this year, he again asked for a reduced sentence, relying on Amendment 821 to the Sentencing Guidelines. Doc. 95. The court dismissed his motion for lack of jurisdiction. Doc. 101.

Now, Mr. Anderson has a new request. Invoking 28 U.S.C. §§ 3621(b) and 3624(c)(1), he asks the court to recommend the "maximum amount of halfway house" time he can receive. Doc. 99 at 1. He reports that he hasn't received any incident reports or disciplinary actions. *Id.* And he has completed, he asserts, a variety of BOP programs. *Id.* The rest of his motion provides some reasonably persuasive reasons why he will need the maximum amount of time in a halfway house to transition from custody to supervised release successfully. *Id.* at 2–3. Unwittingly, it appears, Mr. Anderson's request for a post-sentencing recommendation raises a

vexing jurisdictional question: Does a district court have authority to make a recommendation to the Bureau of Prisons, post-sentencing?

Our Circuit hasn't addressed the question, but several courts have. Their answers fall into one of three categories. *See United States v. Reavis*, No. 15-CR-3, 2018 WL 2376511 at *1-2 (E.D. Wis. May 23, 2018). *First*, "[s]ome courts have issued such recommendations pursuant to [18 U.S.C.] § 3621(b)(4)(B) without specifically addressing this jurisdictional issue." *Id.* at *1 (collecting cases). *Second*, "[o]ther courts have acknowledged that they may not, in response to such a motion, amend or modify the judgment, but have concluded that they may nevertheless issue a recommendation separate and apart from the judgment." *Id.* at *2 (collecting cases). *Last*, "some courts have indicated that they lack authority to grant such relief after sentencing." *Id.* (citing among other cases this court's decision in *United States v. Green*, No. 10-20096-01, 2015 U.S. Dist. LEXIS 80198 at *2 (D. Kan. June 22, 2015)). *Reavis* concluded that the second approach—the sentencing court may not modify the original judgment or otherwise order the Bureau of Prisons where to house a prisoner but it still "may issue a non-binding recommendation"—represents the majority position. *Id.* at 3.

The court finds it unnecessary to choose one of these three alternatives to decide the current motion here. That's so because the court, even if it has subject matter jurisdiction to recommend—post-sentencing—would decline to issue the recommendation. More than two years have passed since the court sentenced Mr. Anderson. The court hasn't seen Mr. Anderson or reviewed his record since then. And while Mr. Anderson reports he's done well, the court still can't compare his bona fides with those of other prisoners. It thus can't evaluate meaningfully whether he—or some other prisoner—should receive early designation to a halfway house. The

court agrees with Judge Bailey's summary of this situation in *Castle v. Brown*, No. 5:21-CV-165, 2021 WL 4901712 (N.D. W.Va. Sept. 24, 2021):

> [T]he BOP is best positioned to make pre-release custody determinations because it is "familiar with the offender and his adjustment in prison, his current treatment needs, the available resources, and the other relevant considerations." *United States v. Ross*, 2018 WL 2376510, at *2 (E.D. Wis. May 24, 2018). The sentencing court, conversely, operates "only on a case-by-case basis, based on dated information, and lacking the BOP's expertise in such matters." *Id.* Therefore, a court in its discretion may deny an inmate's request for a recommendation of pre-release custody, choosing instead to defer to the experience of the BOP. *Accord United States v. Baker*, 2016 WL 11265415, at *2 (E.D. Tex. Jan. 6, 2016); *United States v. Bishop*, 2015 WL 13235851, at *3 (D. Haw. Oct. 2, 2015); *United States v. Landers*, 2013 WL 5530271, at *2 (D.S.C. Oct. 7, 2013) (Childs, J).

*Id.* at 2.

The court's decision doesn't mean to minimize the progress reported by Mr. Anderson's motion. During his 53 months in custody, it asserts that, "he has not had any incident reports or disciplinary action[s]. [And] [he] has fully participated in BOP programming, including the completion of many ACE class and drug courses." Doc. 99 at 1 (defendant's motion). Assuming these reports as true, the court commends Mr. Anderson and hopes he will continue his positive direction during the rest of his custody sentence and beyond.

Finally, given the uncertainty whether the court possesses subject matter jurisdiction to grant the relief sought by Mr. Anderson's motion, the court chooses to dismiss his motion in lieu of denying it.

**THEREFORE**, the court dismisses Mr. Anderson's "Motion for Judicial Recommendation for Maximum Amount of Halfway House" time (Doc. 99).

**IT IS SO ORDERED.**

**Dated this 2nd day of December, 2024, at Kansas City, Kansas.**

                                            <u>s/ Daniel D. Crabtree</u>
                                            **Daniel D. Crabtree**
                                            **United States District Judge**